## Ex parte McGONIGLE.

(District Court, D. Kansas, First Division. May 22, 1924.)

### No. 2681.

Poisons ⊝⇒9—Charge of unregistered possession insufficient, and plea of guilty admits no offense.

An indictment charging possession of narcotic drugs without having registered and paid the tax required by Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), which does not charge petitioner to be one required by law to register, or one qualified to register had he so desired, states no offense, and his plea of guilty admits no offense; section 8 of the act (Comp. St. § 6287n) attempting to make mere possession by one not registered an offense being unconstitutional.

Application by Raymond McGonigle for writ of habeas corpus. On motion to dismiss. Motion denied.

Frans E. Lindquist, of Kansas City, Mo., for petitioner.

POLLOCK, District Judge. In this case petitioner was indicted on three counts under the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). Counts 1 and 2 of the indictment were dismissed, and petitioner was sentenced to pay a fine and to imprisonment in the Federal Penitentiary at Leavenworth, in this state, on the third count, where, being imprisoned, in pursuance of the judgment against him he brings this application for a writ of habeas corpus.

The main contention of petitioner is, although he pleaded guilty to the charge presented against him in count 3 of the indictment, yet as that count charged no offense against the laws of the United States, by pleading guilty thereto he admitted of no wrongdoing punishable by the laws of the United States.

From an examination of the third count of the indictment I find it charges nothing more than petitioner had in his possession narcotic drugs without having registered and paid the tax required by the government of one who deals in such drugs. True, the Congress by section 8 of the Act (Comp. St. § 6287n) did attempt to make mere possession by one not having registered under the act and paid the tax as provided therein to have committed an offense, although such person was not one who could under the act register had he desired to so do. But in United States v. Jin Fuey Moy, 241 U. S. 394, 36 S. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, the Supreme Court, through Mr. Justice Holmes delivering the opinion, held in so enacting the Congress went beyond its constitutional power; hence section 8 of the act as illegally passed is inoperative and void.

As this charge of possession without having registered under the act and paid the nominal fee required of registrants constituted the gravamen of the offense attempted to be here charged, and as the indictment does not charge the petitioner was one required by the law to register or one qualified to register under the act if he had so desired, by his plea to the third count of the indictment he admitted the commission of no offense within the power of the court to punish; hence the motion to dismiss the petition must be denied.

This opinion concedes the validity of section 1 of the act as within the power of the government to enact as a revenue measure, although, as said by Mr. Justice Holmes, delivering the opinion for the court above cited, it is apparent that the revenue feature of the act was a mere veneer used by the Congress to give it a showing of constitutionality. It is apparent from a reading of the act there was no good faith in attempting to give the Harrison Anti-Narcotic Act validity as a revenue measure. The sole idea and intent of those who enacted it and who induced its enactment was to put within the power of Congress to control local police matters, falling within the jurisdiction and power of the states.